Matter of Goldsmith (2019 NY Slip Op 00218)





Matter of Goldsmith


2019 NY Slip Op 00218


Decided on January 10, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter, Justice Presiding,
Peter Tom
Barbara R. Kapnick
Cynthia S. Kern
Peter H. Moulton, Justices.


M-5385

[*1]In the Matter of Matthew H. Goldsmith, (admitted as Matthew Harris Goldsmith), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew H. Goldsmith, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew H. Goldsmith, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 11, 2004.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Matthew H. Goldsmith was admitted to the practice of law in the State of New York by the Second Judicial Department on February 11, 2004, under the name Matthew Harris Goldsmith. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
By motion dated October 4, 2017, the Attorney Grievance Committee (Committee) sought respondent's immediate suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), (3) and (5), based upon his failure to appear pursuant to subpoena and to comply with lawful demands of the Committee, and other uncontroverted evidence of professional misconduct. In support of suspension the Committee argued that respondent had ignored correspondence requesting answers to two complaints filed against him, failed to comply with a court ordered subpoena directing him to appear for a deposition, and presented uncontested evidence that he converted/misappropriated and commingled client funds with his own funds in an operating/business account. Respondent did not file a response to the October 2017 motion.
In its application for immediate suspension, petitioner
included the following notice:
"PLEASE TAKE FURTHER NOTICE that, pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended under 1240.9 and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six (6) months from the date of the order of suspension, may be disbarred by the Court without further notice."
By order entered March 1, 2018 (159 AD3d 188 [1st Dept 2018]) this Court granted the Committee's motion and suspended respondent from the practice of law and until further order of the Court.
On or about March 8, 2018, the Committee served respondent with a notice of entry containing a copy of this Court's order of suspension. The notice of entry was served upon respondent by first class mail and certified mail return receipt requested at his last registered business address. The certified mail receipt was signed for on March 12 and returned to the Committee on March 28, 2018.
The Committee now seeks an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), on the grounds that he was suspended pursuant to 22 NYCRR 1240.9(a)(1), (3) and (5) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension.
Respondent was served with this motion by first class mail and certified mail return receipt requested to his last registered business address and his last known residential address listed with the Office of Court Administration, but no response has been filed with the Court.
The motion should be granted inasmuch as more than six months have elapsed since March 1, 2018, the date of respondent's suspension (159 AD3d 188), and he has neither responded to nor appeared for further investigatory or disciplinary proceedings (see Matter of Pomerantz, 166 AD3d 26 [1st Dept 2018]; Matter of Freidman, 162 AD3d 14 [1st Dept 2017]).
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted, and his name is stricken from the roll of attorneys in the State of New York effective immediately.
All concur.
Order filed. [January 10, 2019]
The motion is granted, respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.